CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
AUG 17 2007
JOHN F. CORCORAN, CLERK
BY: /s/ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | |
|---|---|
| DERWIN OSBOURNE #223119, | ) |
| Plaintiff, | ) Civil Action No. 7:07-cv-00387 |
| | ) |
| v. | ) MEMORANDUM OPINION |
| | ) |
| P. HARLESS, et al., | ) By: Hon. Jackson L. Kiser |
| Defendants. | ) Senior United States District Judge |

This matter is before the court on plaintiff's complaint filed pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. Upon review of court records, I find that this action must be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

Section 1915(g), enacted as part of the Prison Litigation Reform Act of 1996 ("PLRA"), provides that a prisoner may not bring a civil action without prepayment of the filing fee,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The court takes judicial notice of the fact that plaintiff has had at least three civil actions dismissed for failure to state a claim or as malicious. In Osbourne v. Johnson, Civil Action Number 7:01cv00756 (Dec. 16, 2005), this court recognized and found that plaintiff has "three strikes" under 28 U.S.C. § 1915(g). See also Osbourne v. Yergen, Civil Action Number 7:99cv00799; Osbourne v. Fowler, Civil Action Number 7:00cv00125; and Osbourne v. Summers, Civil Action Number 7:00cv00403. Therefore, as plaintiff has at least three "strikes" within the meaning of 28 U.S.C. § 1915(g), he cannot file this action without prepayment of the $350.00 fee statutorily required for filing civil actions unless he demonstrates that he is "under imminent danger of serious physical injury."

Plaintiff does not allege that he is in any danger. Rather, he complains that P. Harless interfered with the repair of his eyeglasses by keeping them in custody as personal property, and as a result of not wearing his glasses, Osbourne has ocular pain and occasional headaches. Plaintiff also alleges that R. Deel, T. Ray and Fred Schilling abused their authority when they failed to investigate and properly address Osbourne's grievance regarding his eyeglasses. Even if Osbourne experiences some ocular pain or headaches due to defendants' actions, he has not alleged any threat of imminent or serious physical harm related to an ongoing violation of his constitutional rights as contemplated under §1915(g). Moreover, the record indicates that defendants attempted to resolve plaintiff's issues in response to his grievance and grievance appeal, but plaintiff refused to cooperate.

Based on the foregoing, I am of the opinion that plaintiff has three "strikes" within the meaning of § 1915(g) and that he has failed to demonstrate any imminent danger of serious physical harm sufficient to allow him to proceed in forma pauperis without prepayment of the $350.00 filing fee. Accordingly, the plaintiff's request to proceed in forma pauperis on this action shall be denied pursuant to § 1915(g) and this action shall be dismissed without prejudice.

The Clerk of the Court is directed to send certified copies of this Memorandum Opinion and accompanying Order to plaintiff.

**ENTER:** This 17th day of August, 2007.

Senior United States District Judge

2

Case 7:07-cv-00387-JLK-mfu   Document 2   Filed 08/17/07   Page 2 of 2   Pageid#: 14